Todd Blanche
Attorney General of the United States
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALFREDO GALLEGOS GUILLEN,<br><br>Defendant. | NO: 1:26-CR-2021-SAB<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

I.

OFFENSE LEVEL & CRIMINAL HISTORY

The United States agrees with the calculations contained in the Presentence Investigation Report (hereinafter "PSIR"): (1) total offense level is 26; (3) criminal history category is I; and (4) the guideline range is 63-78 months.

In the instant case, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties have agreed to recommend a sentence within a range of 8-48 months.[1]

II.

DEPARTURES

The government is not recommending a departure from the guidelines.

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).
The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate

[1] See ECF No. 27.

deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008)(citing 18 U.S.C. 3553(a) and (a)(2)). If a district judge decides that an outside-Guidelines sentence is warranted, the judge must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. This does not mean that the district court's discretion is constrained by distance alone. Rather, the extent of the difference is simply a relevant consideration. *Id.* (citations omitted).

A "variance" normally occurs when a judge imposes a sentence that is above or below the properly calculated final sentencing range based on application of statutory factors enumerated in 18 U.S.C. 3553(a). *United States v. Moschella*, 727 F.3d 888, 893 (9th Cir. 2013). An upward variance may be appropriate to protect the public. *United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009)(holding that defendant's sentence "provide[d] a clear example of a 'variance' from – and not a 'departure' within-the Guidelines scheme" where the district court noted the "grave threat" that the defendant posed to the community and relied on "the desire to protect the public" in imposing sentence.)

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

On April 20, 2026, federal law enforcement officers traveled to a residence to execute a lawfully issued administrative warrant. The officers observed a vehicle outside of the residence that was known to be used by the Defendant. The officers were aware that the Defendant had recently been arrested in the vehicle in question. The officers were wearing uniforms that clearly identified them as law enforcement officers. The officers waited outside of the residence.

The Defendant exited the residence and entered his vehicle. Law enforcement officers surrounded the vehicle. All of the law enforcement vehicles had activated traditional law enforcement red/blue flashing lights. Officers exited their vehicles and approached the Defendant. Initially, the Defendant complied with instructions and turned off his ignition and provided a Mexican identification card. The officers ordered the Defendant to exit the vehicle. The Defendant refused to comply and would not exit the vehicle. The victim attempted to unlock the passenger side door by reaching inside of the partially rolled down window. The victim was able to unlock and open the door. The victim was able to partially enter the vehicle. In response, the Defendant turned on the ignition and quickly accelerated. The Defendant's actions created an extremely dangerous situation not only for the victim but for himself. The Defendant swerved his vehicle and struck a parked car on the passenger side door. The Defendant was fully aware that the

victim would be injured by such a collision with a parked vehicle. After striking the parked car, the passenger door closed the crushed the victim. The Defendant continued to accelerate and ultimately crashed his car into a utility pole. Due to the force of the collision, the victim's head hit the windshield. The Defendant quickly exited the vehicle and attempted to flee on foot. The Defendant was quickly apprehended. The victim was subsequently transported to the hospital for treatment.

The Defendant was advised of and waived his *Miranda* rights. The Defendant advised that he pulled over after observing the emergency lights behind him. The Defendant advised that he observed officers approach his vehicle. The Defendant advised that he had observed the word "police" on the vests.

Here, despite the dangerous situation the Defendant created, the arresting officers exercised considerable restraint. The victim in this case was injured because he was simply attempting to do his job.

At the time of his arrest in the instant case, multiple outstanding warrants were in place. The Defendant had disregarded previous court orders which resulted in the warrants being issued.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The current offense is serious. The Defendant's actions in the instant case clearly demonstrated a lack of respect for law enforcement. The victim, a law enforcement officer, was injured due to the Defendant's intentional conduct. The Defendant's prior actions in failing to appear for court hearings demonstrate the Defendant's lack of respect for the authority of the court. A term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment. The United States submits that a 48-month term of imprisonment is required and is necessary to promote respect for the law, and to provide just punishment.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

In 2023, the Defendant was charged in Idaho with multiple offenses including driving under the influence. The Defendant failed to appear for court hearings and warrants were issued. While on warrant status, the Defendant was arrested in Washington state for driving under the influence. Prior to the instant case, the Defendant was arrested and charged with Domestic Violence assault and Violation of a Protection Order. Less than three weeks prior to the instant case, the Defendant was arrested for Resisting Arrest and Violation of Protection Order.

Despite his multiple prior arrests, the Defendant continues to disobey lawful instructions from police officers and shows disrespect for the authority of the court.

The United States submits that a 48-month term of imprisonment is required.

4. The need for the sentence imposed to protect the public from further crimes of Defendant.

The Defendant is a danger to the community. As noted above, the Defendant has a prior driving under the influence conviction and multiple pending protection order violation charges. Here, the Defendant was not concerned about the public and/or the safety of our law enforcement officers.

5. The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Defendant appears to be in need of educational or vocational training.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

As to the instant offense, the government recommends that the Court impose a sentence of 48 months to be followed by 3 years of supervised release.

Respectfully submitted this 18th day of September, 2026.

s\ Thomas J. Hanlon
Thomas J. Hanlon
Assistant United States Attorney

I hereby certify that on September 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following: Craig D. Webster.

s\ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425