Craig D. Webster
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Alfredo Gallegos Guillen

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Alfredo Gallegos Guillen,<br>Defendant. | No. 1:26-CR-2021-SAB<br><br>Defendant's Sentencing Memorandum |

Alfredo Gallegos Guillen, by and through his attorney, Craig D. Webster, for the Federal Defenders of Eastern Washington and Idaho, respectfully submits this sentencing memorandum, and requests that the Court impose a sentence of 8 months with a 3-year term of supervised release, restitution, and a $100 special penalty assessment. For the reasons that follow, Mr. Guillen believes that is a sentence

sufficient but not greater than necessary to effectuate the purposes of sentencing under 18 U.S.C. § 3553(a).

## I. Status of the Case

Mr. Gallegos Guillen was arrested on April 20, 2026.[1] Mr. Gallegos Guillen was charged by Complaint in the Eastern District of Washington on April 21, 2026.[2] Mr. Gallegos Guillen was indicted on May 13, 2026.[3] Mr. Gallegos Guillen waived his detention hearing on April 22, 2026, and he has remained incarcerated at the Yakima County Jail pending trial/sentencing.[4]

On July 8, 2026, Mr. Gallegos Guillen entered a change of plea.[5] Pursuant to a Plea Agreement, Mr. Gallegos Guillen pleaded guilty to Count 1 of the Indictment.[6] The Plea Agreement was made pursuant to

---

[1] *See* ECF No. 5.

[2] *See* ECF No. 1.

[3] *See* ECF No. 18.

[4] *See* ECF No. 11.

[5] *See* ECF No. 26.

[6] *See* ECF Nos. 18; 26; 27.

Fed. R. Crim. P. 11(c)(1)(C).[7] Pursuant to the Plea Agreement, the USA may recommend a sentence of 48 months incarceration, 3 years SR, a fine, restitution, and a $100 special penalty assessment.[8] Pursuant to the Plea Agreement, Mr. Gallegos Guillen may recommend 8 months imprisonment, 3 years SR, no fine, restitution, and $100 special penalty assessment.[9]

Mr. Gallegos Guillen is scheduled to be sentenced on October 7, 2026.[10] Mr. Gallegos Guillen will have served approximately 5 ½ months at the time of sentencing.[11] Mr. Gallegos Guillen appears to have an active Immigration and Customs Enforcement (ICE) detainer.[12]

## II. Offense Level & Criminal History

---

[7] *See* ECF No. 27.

[8] *See* ECF No. 27 at pgs. 12-14.

[9] *See* ECF No. 27 at pgs. 12-14.

[10] *See* ECF No. 28 at pg. 2.

[11] *See* ECF No. 5.

[12] *See* ECF No. 9 at pg. 1.

Mr. Gallegos Guillen has a Total Offense Level of 26.[13] Mr. Gallegos Guillen has a Criminal History Score of 1.[14] Mr. Gallegos Guillen has a Criminal History Category of I.[15] Mr. Gallegos Guillen's USSG advisory guideline range is 63 months to 78 months.[16]

## III. Departures

Departures have been removed from the Guidelines by the Sentencing Commission.

Based on the nature of the offense, his history and characteristics, and the disproportionate guideline enhancements, and his inability to program during his imprisonment, a downward variance appears appropriate.

## IV. Analysis of 18 U.S.C. § 3553(a) factors

Title 18, U.S. Code § 3553(a) directs this Court to impose a sentence that is "sufficient, but not greater than necessary" to meet the purposes of punishment. 18 U.S.C. § 3553(a)(2). Based on the factors

---

[13] *See* ECF No. 29 at pg. 16.

[14] *See* ECF No. 29 at pg. 16.

[15] *See* ECF No. 29 at pg. 16.

[16] *See* ECF No. 29 at pg. 16.

discussed below the defense believes that a sentence of 8 months imprisonment to be followed by 3 years of supervised release meets this standard.

**<u>The Nature and Circumstances of the Offense</u>**[17]

Mr. Gallegos Guillen did not respond in a proper manner. His conduct was dangerous and harmful. That being said, this offense did not occur in a vacuum. The country has seen these types of incidents at an alarming rate during the current administration's aggressive ICE arrests. Prior to this administration these types of incidents between undocumented people and ICE Agents were rare. Now they occur on a consistent basis. Mr. Gallegos Guillen acted wrongly but appears to have acted out of fear. He will be deported to Mexico upon his release from custody. Should he return to the United States then he will face new felony charges with further imprisonment for Illegal Reentry.

Mr. Gallegos Guillen's base offense level is 14.[18] Four levels are added because the vehicle that he was driving is treated as a dangerous

[17] *See* ECF No. 29 at pgs. 4-5 (The Offense Conduct).

[18] *See* ECF No. 29 at pg. 6.

weapon.[19] Another three levels are added because the Agent was injured in the incident.[20] Another 2 levels are added because the statute of conviction was §111(b).[21] Finally, an additional six levels are added to his advisory guideline range because Mr. Gallegos Guillen had reason to know that the victim was an officer (Agent).[22]

Without the enhancements, and after acceptance (2-level decrease), Mr. Gallegos Guillen's advisory guideline range would be 10-16 months.[23] The original base offense level of the offense is sufficient to punish Mr. Gallegos Guillen for his crime committed. Based on the nature and circumstances of the offense, a sentence between 10 months to 16 months appears appropriate but for the fact that Mr. Gallegos Guillen will be unable to access rehabilitative programming while in BOP. Under the circumstances, 8 months' imprisonment with 3-years SR, restitution, $100 Special Assessment, is sufficient but not greater

---

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] TOL 12 / CAT I (USSG).

than necessary.

## History and Characteristics of Mr. Gallegos Guillen[24]

Mr. Gallegos Guillen is 31 years old. Mr. Gallegos Guillen grew up in a life of poverty. He came to the United States looking for employment and a better life. He has a long-term girlfriend. On the date of his arrest, he had one child. During the time that he was incarcerated he and his girlfriend had their second child. Mr. Gallegos Guillen is an active, loving father and has suffered knowing that he would miss the birth of his second child.[25]

Mr. Guillen Gallegos has no prior felony history. He has a prior conviction for DUI, in which he was sentenced to 20 days in jail (364/344). His 5 years of probation was terminated early. He has no other convictions.

Mr. Gallegos Guillen's federal conviction makes him deportable and inadmissible. Mr. Gallegos Guillen intends on staying in Mexico upon his deportation. Mr. Gallegos Guillen plans on returning home

[24] *See* ECF No. 29 at pgs. 7-8 (Criminal History), 12-13 (Personal History).

[25] *See* attached photos.

and rebuilding his life in Mexico.

Mr. Gallegos Guillen has limited education. He would likely benefit from further educational opportunities. Additionally, he has a history of employment as a farm worker and a semi-truck driver. He would likely benefit from additional vocational training. Furthermore, additional substance abuse treatment would likely benefit him as well.

## Need for the Sentence Imposed – Seriousness / Respect / Just Punishment

Mr. Gallegos Guillen has never faced a federal felony charge. He now has a felony conviction. A conviction that makes him deportable and inadmissible. He will now likely be prevented from legally returning to the USA upon deportation.

Additionally, Mr. Gallegos Guillen has previously spent minimal time in jail. His only other conviction was for a gross misdemeanor which resulted in a 20-day jail sentence. A sentence of 8 months imprisonment is a serious increase in punishment. He will now have to abandon his dreams of a life in the United States. He has learned his lesson and is sorry for his actions.

Overall, the recommended sentence is Just Punishment under the circumstances.

**Adequate Deterrence / Protect the Public**

Mr. Gallegos Guillen will likely be deported. Should he be allowed to remain in the United States then he will be monitored by U.S. Probation for a period of 3 years. Mr. Gallegos Guillen's sentence and removal from the country will deter any future criminal misconduct. Additionally, U.S. Probation will monitor him for compliance should he remain in the country. Should he return to the United States unlawfully then he will have to report to U.S. Probation where he will be arrested and prosecuted for illegal reentry.

**Education, Vocational training, and Treatment**

Mr. Gallegos Guillen would benefit from programming. Unfortunately, his detainer will prevent him from programming. He will also not receive the benefit from U.S. Probation's monitoring and services due to his anticipated deportation by the U.S. government.

The recommended sentence adequately addresses this sentencing factor.

## V. Conclusion

Based on the foregoing, Mr. Gallegos Guillen respectfully requests that the Court sentence him to 8 months imprisonment, 3 years of SR, Restitution, and a Special Assessment of $100.00. The recommended sentence is just punishment that is sufficient but not greater than necessary as required by the 3553(a) sentencing factors.

Dated: September 22, 2026.

Respectfully Submitted,

By s/ Craig D. Webster

Craig D. Webster,
WSBA# 40064
Attorney for Alfredo Gallegos Guillen
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Craig_Webster@fd.org

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Thomas J. Hanlon, Assistant United States Attorney, and Jonathan C. Bot, United States Probation Officer.

By s/ Craig D. Webster
Craig D. Webster